IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE FRESH ACQUISITIONS, LLC, et al., § § § | |
| Debtors. § | Civil Action No. 3:23-CV-00624-D |
| § | (Bank. Ct. No. 21-30721(SGJ)) |
| § | (Adv. No. 22-03098-SGJ) |
| DAVID GONZALES, TRUSTEE OF § THE FRESH ACQUISITIONS § LIQUIDATING TRUST, § § | |
| Plaintiff, § § | |
| VS. § § | |
| RIVER NORTH FURR'S, LLC, § § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

On May 17, 2024 the bankruptcy court filed its report and recommendation ("R&R") concerning the motions for summary judgment of plaintiff David Gonzales, as Trustee of the Fresh Acquisitions Liquidating Trust ("Trustee"), and defendant River North Furr's, LLC ("River North"). Thereafter, River North and the Trustee filed objections to the R&R and briefing in opposition to the other party's objections.

The court has conducted *de novo* review of the R&R and the parties' objections and now adopts the R&R's recommended rulings and, in most respects, its reasoning. The court therefore grants in part and denies in part both parties' motions for summary judgment.

I

To be entitled to summary judgment on a claim or defense on which the moving party will bear the burden of proof at trial, the movant "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

When a party moves for summary judgment on a claim or defense on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond its pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam); *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986) ("the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment"). An issue is genuine if the

evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 248. The nonmovant's failure to produce proof as to any essential element of a claim or defense renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 624 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

II

The court agrees with the bankruptcy court that summary judgment should be granted in River North's favor on the Trustee's constructive fraudulent transfer claims and in the Trustee's favor on his postpetition transfer claim.

A

The court agrees with the bankruptcy court's conclusion that the sum of $1.85 million paid to River North constituted property of FMP SA. *See* R&R 30-56. The court therefore agrees that the prepetition transfers would have become property of the FMP SA bankruptcy estate had they not been transferred, and the postpetition transfer was a transfer of property of the bankruptcy estate.

B

Because the court agrees with the bankruptcy court's conclusion that there is no genuine dispute of material fact regarding any elements of the postpetition transfer claim, *see* R&R 79-80, the court grants the Trustee's motion for summary judgment on this claim.

III

The court adopts the recommendation that it grant summary judgment in favor of River North on the Trustee's constructive fraudulent transfer claims and that the Trustee's claims of actual fraudulent transfer proceed to trial, although it does not entirely adopt the bankruptcy court's reasoning.

A

To prevail on a claim for fraudulent transfer under 11 U.S.C. § 548(a)(1)(A), the Trustee must prove the following elements: (1) a transfer was made of an interest of the debtor's property; (2) the transfer was made within two years prior to the date of the filing of the petition; and (3) the transfer was made with the actual intent to hinder, delay, or defraud the debtor's creditors. *See* 11 U.S.C. § 548(a)(1)(A). Similarly, to prevail on a claim for fraudulent transfer under Tex. Bus. & Com. Code Ann. § 24.005(a)(1) (West 2023), the Trustee must prove that (1) a transfer was made by the debtor; (2) within four years prior to or one year following the filing of the petition; (3) with actual intent to hinder, delay, or defraud any of the debtor's creditors. *See* Tex. Bus. & Com. Code Ann. § 24.005(a)(1) (West 2023). Under both federal and Texas law, the Trustee may rely on specific "badges of fraud" and other circumstantial evidence to support an inference of fraudulent intent. *See Roland v. United States*, 838 F.2d 1400, 1402-03 (5th Cir. 1988) ("Since direct proof of fraud often is not available, courts may rely on circumstantial evidence to establish the fraudulent intent."); *In re Souza*, 542 F.3d 1060, 1066 (5th Cir. 2008).

It is evident that debtor FMP SA's property was transferred, *see* R&R 30-56, and that the transfer was made within two years of the petition date, *see* R&R 57. Accordingly, the only issue is whether FMP SA incurred the settlement agreement ("Settlement Agreement") obligation and transferred the sum of $1.85 million to River North with the actual intent to hinder, delay, or defraud any of its creditors.

Unlike the bankruptcy court, this court does not base its conclusion that there is a genuine issue of material fact regarding whether FMP SA intended to defraud its creditors when it incurred the Settlement Agreement obligation and transferred the sum of $1.85 million to River North on whether PPP funds were intended to be misused at the time the PPP loan applications were submitted. Potential fraud committed when *obtaining* funds to make settlement payments is distinguishable from whether FMP SA intended to defraud its creditors when arranging for those funds to be *transferred* to River North. *See Bos. Trading Grp., Inc. v. Burnazos*, 835 F.2d 1504, 1510 (1st Cir. 1987) (distinguishing between fraud in *obtaining* the means of paying a debt and fraud in the *transfer* of those wrongly obtained funds and noting that "[f]raudulent conveyance law is basically concerned with transfers that 'hinder, delay, or defraud' creditors; it is not ordinarily concerned with how such debts were created"); *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) (noting that an allegation that the manner in which funds were obtained was fraudulent was not adequate to allege fraud with respect to later transfers of those funds). Because FMP SA was not a PPP borrower, whether the funds were obtained fraudulently by the borrowers does not control whether FMP SA intended to defraud its creditors when it incurred the Settlement Agreement

- 5 -

obligation or transferred the funds, even if FMP SA knew that it was using funds initially obtained through PPP loans.

Despite the fact that potential PPP loan fraud does not control the actual fraud question, the court concludes that the summary judgment record contains evidence that presents a genuine issue of material fact concerning whether FMP SA had the actual intent to defraud its creditors when the transfer of the sum of $1.85 million was made to River North.[1] The court therefore denies both parties' motions for summary judgment on these claims.[2]

B

With respect to the constructive fraudulent transfer claims, the court agrees with the bankruptcy court's conclusion that there is no genuine dispute of material fact regarding whether FMP SA received less than reasonably equivalent value in exchange for the obligation incurred under the Settlement Agreement. *See* R&R 74-79. The court does not, however, adopt the conclusion from the R&R that, "with regard to the Settlement Agreement

---

[1]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

[2]River North moves to strike supplemental evidence introduced by the Trustee. Because the court concludes that the supplemental evidence does not control the question whether FMP SA had the intent to hinder, delay, or defraud its creditors when it entered into the Settlement Agreement or made payments pursuant to it, the court has not considered this evidence and therefore denies the motion to strike as moot.

itself (and the obligations created thereunder), there is no summary judgment evidence suggesting that the Settlement Agreement was entered into on any basis other than to allow the debtor to avoid risky, and potentially lengthy and costly litigation and to obtain relatively quick benefits to save its business." R&R 78. The court concludes that there is a genuine factual dispute as to FMP SA's intent, but it agrees with the bankruptcy court that summary judgment for River North is appropriate because there is no genuine factual dispute as to whether FMP SA received reasonably equivalent value in exchange for the obligation regardless of its intent for entering into the agreement. *See* R&R 74-79.

IV

For the reasons explained, the court grants summary judgment for River North on the constructive fraudulent transfer claims, grants summary judgment for the Trustee on the postpetition transfer claim, and denies both parties' motions for summary judgment on the actual fraudulent transfer claims.

V

This matter is re-referred to the bankruptcy court to conclude any remaining non-dispositive pretrial matters and, when appropriate, to certify that the parties are ready for trial. *See* May 22, 2023 Order (ECF No. 12) at 1.

**SO ORDERED**.

September 18, 2024.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　　　SENIOR JUDGE